**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

FAYE BLACK, et al.,

*Plaintiffs,*

v.

UNION PACIFIC RAILROAD COMPANY,

*Defendant.*

Case No. 6:23-cv-1218-EFM-GEB

**MEMORANDUM AND ORDER**

On June 30, 2026, the Court certified a Class in this action. Before the Court now is the Motion for Approval of Class Notice (Doc. 237) filed by Plaintiffs Faye Black and Jeannine Tolson, individually and on behalf of all others similarly situated. Defendant Union Pacific Railroad Company opposes the Motion, lodging objections to the language of the notice and Plaintiffs' proposed mechanisms for notifying Class members. Plaintiffs, with their Reply, submit revised mail and publication notices aimed at addressing Defendant's objections.

For the below reasons, the Court grants Plaintiffs' Motion in part and denies it in part. The Court approves Plaintiffs' notice plan—as narrowed in their Reply. The Court also concludes that Plaintiffs' revised notices resolve Defendant's objections to the description of claims, defenses, and relief, and to the disclosures required by Rule 23(c)(2)(B)(iv) and (vii).

The Court sustains Defendant's objection to the exclusion for homes with "existing vapor barriers." A definition for the term is required. The Court agrees with Plaintiffs that the Class notice should go to every homeowner in the Class Area and that the exclusion may be applied

later. But Class members must be able to understand what the exclusion means. The Court therefore will clarify the exclusion after receiving submissions from the parties. No notice will issue until the Court has clarified the exclusion and approved final notice forms.

## I. Factual & Procedural Background

The Court certified a Class in this lawsuit under Fed. R. Civ. P. 23(b)(3) on June 30, 2026, defining the Class as:

> Any and all persons that currently own any single-family home residential real property depicted by the area outlined in blue and identified in pink below representing groundwater contamination of 1.2 ug/L, excluding Defendant's employees and anyone owning single-family home residential real properties that have existing vapor barriers.




The Class seeks damages measured, in large part, by the cost of installing vapor intrusion mitigation systems in each Class member's home. Plaintiffs did not seek certification of claims for diminution-in-value or stigma damages.

Plaintiffs developed their proposed notice plan with the support of notice and claims administrator, American Legal Claims Services. Plaintiffs' plan has three components: (1) direct notice by mail to the owners of the 1,754 qualifying parcels in the Class area; (2) publication notice in the Wichita Eagle on two successive weeks; and (3) a website, listing a toll-free number. Plaintiffs propose initiating the notice process no later than 21 days from the date the Court enters an order authorizing notice. Plaintiffs note that Defendant has not conferred with Plaintiffs as to the manner and form of the notice, despite Plaintiffs' outreach.

Defendant objects to Plaintiffs' plan. While Defendant consents to direct mail and publication notice, it opposes the website and several aspects of the notices' content. Defendant also contends that Plaintiffs' Motion is premature pending its Rule 23(f) petition to the Tenth Circuit.

In reply, Plaintiffs submitted revised mail and publication notices designed to deal with the deficiencies Defendant identified. Specifically, Plaintiffs revised the notices' language and narrowed the content of their proposed website. Plaintiffs again note that Defendant refused to confer on the manner and form of the notices while Defendant's Rule 23(f) petition was pending. On September 2, 2026, the Tenth Circuit denied Defendant's petition, concluding that the certification order was not manifestly erroneous.

## II. Legal Standard

When a court certifies a class, it "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."[1] Notice may be given by "United States mail, electronic

[1] Fed. R. Civ. P. 23(c)(2)(B).

means, or other appropriate means."[2] In plain and concise terms, the notice must describe the nature of the action, the definition of the certified class, and the class claims, issues, or defenses.[3] It must also inform class members that they may appear through counsel, that the Court will exclude any member who asks to be excluded, when and how to request exclusion, and how a class judgment will bind those who remain in the class.[4]

These requirements protect each absent class member's right to decide whether to remain in the class or pursue claims individually.[5] Notice that satisfies Rule 23(c)(2)(B) also satisfies due process because the two standards are "coextensive and substantially similar."[6] The Court may alter or amend a certification order before final judgment.[7]

## III. Analysis

As a threshold matter, Defendant objects that approval of Class notice is premature while its Rule 23(f) petition is pending. That objection is moot. The petition did not stay proceedings in this Court,[8] and the Tenth Circuit has since denied it.

Defendant allegedly did not confer with Plaintiffs about the Class notice while its petition was pending. Regardless, Plaintiffs' revised mail and publication notices resolve most of Defendant's objections. Accordingly, the Court will approve Plaintiffs' proposed notices and means of notification—with the exception of the Class definition which requires additional clarity.

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *See Gottlieb v. Wiles*, 11 F.3d 1004, 1007 (10th Cir. 1993), *abrogated on other grounds by Devlin v. Scardelletti*, 536 U.S. 1 (2002).

[6] *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) (citation omitted).

[7] Fed. R. Civ. P. 23(c)(1)(C).

[8] *See* Fed. R. Civ. P. 23(f).

### A. Manner of Notice

Defendant does not object to direct notice by mail or to two weeks of newspaper publication. The Court finds both appropriate. The owners of the qualifying parcels are identifiable through reasonable effort, and direct mail to each owner provides the individual notice that Rule 23(c)(2)(B) requires.[9] Plaintiffs' instruction that tenants forward the notice to their landlord is a sensible step to reach absentee owners, and publication reasonably supplements the mailed notice.

Defendant does object to Plaintiffs' proposed website. It argues that a public website is unnecessary and over-inclusive and that direct mail provides the best practicable notice and satisfies due process. Defendant also points to the potential risks of a public website, namely that a website "broadcasts" litigation to the public and may create confusion about class membership and scope. Defendant is specifically concerned with Plaintiffs' original proposal to post a downloadable spreadsheet of class-area homes.

Plaintiffs resolve Defendant's last concern, amending their proposed website so that it will not publish owner names or addresses through a spreadsheet. Rather, the new website will provide the Court-approved map and an address-search tool with a disclaimer that the result does not determine whether exclusion from the Class applies. With this modification, the Court will permit the website.

Rule 23(c)(2)(B) does not bar supplemental publication via website just because notice is already being given by direct mail.[10] Rather, Rule 23 requires only the best notice practicable, and

---

[9] *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (concluding that individual notice must be provided to class members whose names and addresses are identifiable through reasonable effort).

[10] Defendant relies on *In re Motor Fuel Temperature Sales Pracs. Litig.*, 279 F.R.D. 598 (D. Kan. 2012), to argue against publication notice in addition to notice through direct mail. This reliance is misplaced. There, the Court determined that publication notice was permitted when identifying class members would require unreasonable effort. *Id.* at 618. But the Court did not hold that publication notice is barred or unnecessary when class members can be identified. *See id.*

it does not deem due process violated "by providing *too much notice*."[11] Indeed, Defendant's argument that "[d]irect mail to the 1,754 homeowners therefore provides the best practicable notice and satisfies due process" would also obviate the need for publication in the Wichita Eagle, but Defendant does not contest that method of supplemental notice. Defendant's concern about website publicity is also difficult to reconcile with its approval of newspaper publication. Courts in this District have approved case websites as supplements to direct mail notice,[12] and the Court finds no reason to disallow one here.

**B. Content of the Notices**

Defendant raises four objections to the notices' content. It contends that the notices (1) present Plaintiffs' allegations as established fact and do not adequately describe Defendant's position; (2) obscure the relief the Class seeks; (3) omit disclosures required by Rule 23(c)(2)(B)(iv) and (vii); and (4) fail to define the "existing vapor barrier" exclusion, leaving homeowners unable to determine whether they are Class members. The Court concludes that Plaintiffs' revised notices resolve the first three objections. The fourth requires the Court to clarify the Class definition before notice issues.

*1. Objections Resolved by Plaintiffs' Revised Notices*

First, Defendant argues that Plaintiffs' original notices presented Plaintiffs' allegations as established fact and reduced its defenses to boilerplate denials. Defendant asserts that the notices should set forth Defendant's principal defenses, reframe Plaintiffs' position as allegations, and note that contamination and causation remain in dispute. Plaintiffs' revised notices frame

[11] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2020 WL 6044085, at *3 (D. Kan. Oct. 13, 2020).

[12] *See, e.g.*, *Hershey v. ExxonMobil Oil Corp.*, 2012 WL 1205724, at *1 (D. Kan. Apr. 11, 2012) (determining that a website setting out additional case information along with individual mailed notice "satisfies the standards of due process and Rule 23"); *In re EpiPen*, 2020 WL 6044085, at *6.

Plaintiffs' allegations as allegations, state that the Court has not found wrongdoing and that Plaintiffs must prove their claims. Additionally, the revised notices identify Defendant's principal contentions and note that Plaintiffs dispute those contentions. The Court finds that the revised notices adequately address Defendant's concerns and provide the clear description required by Rule 23(c)(2)(B)(iii).

Second, Defendant argues that describing the relief sought as "including" mitigation costs suggests that the Class seeks other property damages. The revised notices state that the Class seeks damages measured by the cost of installing vapor intrusion mitigation systems, plus any recoverable fees, costs, and interest, and that it does not seek class-wide personal-injury, diminution-in-value, stigma, or loss-of-use damages. This description accurately captures the certified claims.

Third, Defendant argues that the original notices did not adequately disclose Class members' right to appear through counsel or the binding effect of a class judgment as required by Rule 23(c)(2)(B)(iv) and (vii). The revised notices address Defendant's concerns with updated language tracking Rule 23.

*2. The "Existing Vapor Barrier" Exclusion*

The Class definition excludes anyone owning single-family home residential real properties that have existing vapor barriers. Defendant argues that, because the notices do not define "existing vapor barriers," the homeowners in the Class area cannot evaluate whether the exclusion applies to their properties. Specifically, Defendant contends that common building features impede vapor migration to varying degrees and, absent a definition of "existing vapor barriers," homeowners cannot determine whether these common building features qualify as "existing vapor barriers" and exclude them from the Class.

Plaintiffs reply that the notice must state "the definition of the class certified," not a new technical definition. Plaintiffs recommend providing notice broadly to owners who may qualify and resolving questions of exclusion before judgment. Plaintiffs rely on *In re EpiPen*, where the Court rejected an objection that the plaintiffs had not explained when or how class exclusions would be applied and concluded that the "better course" was to notify anyone who may qualify and determine later whether an exclusion applied.[13] While the holding in *In re EpiPen* supports Plaintiffs' position that notice can be sent widely and exclusion can be applied later, it does not resolve the issue that the Class definition cannot be understood. Indeed, *In re EpiPen* addressed when and how defined exclusions would be applied, not what they meant, and nothing suggests class members in that case could not understand the Class definition.[14]

Here, the Class definition does not elaborate on "existing vapor barriers," and the phrase reasonably could describe the different features identified by Defendant—polyethylene sheeting, sealed crawlspace membranes, foundation waterproofing coatings, and other materials. Nor does "existing" identify the date by which a barrier must exist. These ambiguities must be resolved before the notices issue.

The Court agrees with Plaintiffs that the parties should not write a new technical definition into the notices. Such clarification must come from the Court, which may alter or amend its certification order before final judgment.[15] Plaintiffs request that the Court supply additional technical criteria after the parties are heard. The Court will grant that request subject to the conditions below.

---

[13] *In re EpiPen*, 2020 WL 6044085, at *4.

[14] *See generally id.*

[15] *See* Fed. R. Civ. P. 23(c)(1)(C).

### C. Final Notice Forms and Schedule

Within 10 days of this Order, the parties shall confer about whether they can agree on a clarification to the "existing vapor barriers" exclusion. If an agreement is reached, the parties may file a joint proposal, and the Court will adopt it unless it is inconsistent with the certification order or Rule 23. If an agreement is not reached, the parties shall file proposals, not to exceed five pages, addressing the vapor-barrier exclusion within 21 days of this Order. Each proposal shall offer a plain statement, consistent with the certification Order, of (1) what "vapor barriers" means and (2) the date as of which a barrier must exist for the exclusion to apply. No responses will be permitted absent leave of court.

Within 10 days after the Court enters its order clarifying the "existing vapor barriers" exclusion, Plaintiffs shall file final versions of the mail notice, publication notice, and website content, consistent with this Order and incorporating the clarified "existing vapor barriers" exclusion. No notice shall issue until the Court approves the final forms.[16]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Approval of Class Notice (Doc. 237) is **GRANTED IN PART** and **DENIED IN PART**. The Court:

1. overrules as moot Defendant's objection that Plaintiffs' motion is premature;
2. approves direct notice by mail to the owners of each qualifying parcel in the Class Area—including owners whose homes may fall within the vapor-barrier exclusion—and publication notice in the Wichita Eagle for two successive weeks;
3. approves Plaintiffs' proposed case website and toll-free number as proposed in Plaintiffs' Reply;

[16] In their Reply, Plaintiffs ask the Court to confirm the exclusion omitting Defendant's "officers, directors, agents, employees, their families, and assigned judicial personnel" from the Class. Because the parties agree that the exclusion should be included in the Notice, the Court will accept the exclusion in Plaintiffs' submission of the final forms.

4. sustains Defendant's objection to the "existing vapor barriers exclusion" and will clarify that exclusion after considering the parties' submissions.

**IT IS FURTHER ORDERED** that, within 21 days of this Order, the parties shall file either a joint proposal or simultaneous submissions, not to exceed five-pages, addressing (1) the meaning of "vapor barriers" in the Class definition and (2) the date as of which a vapor barrier must exist for the exclusion to apply.

**IT IS FURTHER ORDERED** that, within 10 days after the Court enters its order clarifying the exclusion, Plaintiffs shall file final notice forms incorporating the clarification.

**IT IS FURTHER ORDERED** that no notice to the Class shall issue until the Court approves the final notice form.

**IT IS SO ORDERED**.

Dated this 25th day of November, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE